**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**BILLY CULLEN**

     **Plaintiff,**

**v.**                                **Case No. 1:16-cv-382**

**GEICO GENERAL INSURANCE COMPANY,**

     **Defendant.**

## NOTICE OF REMOVAL

Defendant GEICO General Insurance Company, by and through its counsel of record, Chapman and Charlebois, P.C., (Donna L. Chapman and Jessica C. Singer), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and in support thereof, states as follows:

1. Plaintiff Billy Cullen ("Plaintiff") filed his Complaint for Damages ("Complaint") in the First Judicial District, Santa Fe County, State of New Mexico, in Cause No. D-101-CV-2016-00801 (hereinafter "State Court Action") on March 29, 2016. (*See* Plaintiff's Complaint, attached hereto as Exhibit A).

2. In his Complaint, Plaintiff alleges he was a resident of the State of New Mexico at the time of the collision. (*Id.* at ¶ 1).

3. Plaintiff named Defendant GEICO, as the only Defendant in Plaintiff's Complaint.

4. Defendant asserts GEICO is incorporated and its principal place of business is in the state of Maryland.

5.     Diversity of citizenship is present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

6.     Defendant accepted service through the Superintendent of Insurance on April 6, 2016.  (*See* Exhibit B).

7.     Less than thirty (30) days have passed since Defendant accepted service of the initial pleadings on this matter.

8.     As Defendant has accepted service and is the only Defendant served in this matter, 28 U.S.C. § 1446(b)(2)(A) is satisfied.   (*See* Register of Actions for the State Court Action, hereto attached as Exhibit C).

9.     Pursuant to Plaintiff's allegations, the amount in controversy exceeds $75,000, as set forth in 28 U.S.C. §§ 1441(b)(2).

10.   Pursuant to the allegations in Plaintiff's Complaint, dated March 29, 2016, the amount in controversy exceeds the jurisdictional amount of $75,000. *See* also, *Hanna v. Miller*, 163 F.Supp. 2d 1302, 1305-06 (D.N.M. 2001). (*See* Complaint, ¶49, 71 and the Wherefore paragraph, hereto attached as Exhibit D.)   Plaintiff's Complaint seeks recovery of an additional $25,000 in alleged policy proceeds (see Complaint at ¶¶ 39, 54, 71) and an award of punitive damages (Complaint ¶ 49).   While GEICO denies liability to Plaintiff for compensatory or punitive damages, Plaintiff's claim for punitive damages, even at a multiplier of two times the compensatory damages claimed would exceed the jurisdiction threshold for diversity jurisdiction.   Alternatively, Plaintiff seeks an award of treble damages under the Unfair Practices Act.   (Complaint ¶ 70). Additionally, Plaintiff's Complaint seeks an award of attorney's fees pursuant to NMSA 1978, §39-2-1, NMSA §59A-16-20 & 30 and NMSA 1978, §57-12-10.  (See Complaint,

¶ 46, 60, 66, 70). Upon information and belief, Plaintiff will likely seek in excess of $50,000 in attorney's fees through the trial of this matter.

11.  This case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

12.  By and through this Notice of Removal, Defendant removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

13.  Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

14.  Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing of Removal in the State Court Action, a copy of which is hereto attached as Exhibit E.

15.  In addition to the Notice of Filing Notice of Removal in the State Court Action, Defendant is concurrently filing an Entry of Appearance in the State Court Action on this date, a copy of which is hereto attached as Exhibit F.

16.  Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

17.  A Civil Cover Sheet for this Court is hereto attached as Exhibit G.

**WHEREFORE**, the removing Defendant gives notice the above-styled action, which was pending in the First Judicial District, Santa Fe County, State of New Mexico, as Cause No. D-101-CV-2016-00801 is removed to this Court.

**Respectfully submitted,**

**CHAPMAN AND CHARLEBOIS, P.C.**

*/s/Jessica C. Singer*
Donna L. Chapman
Jessica C. Singer
P.O. Box 92438
Albuquerque, NM 87199
505-242-6000
donna@cclawnm.com
jessica@cclawnm.com
*Attorneys for Defendant*
*GEICO General Insurance Company*

I HEREBY CERTIFY that on the 4th day of May, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Richard J. Valle, Esq.
Carter & Valle Law Firm, P.C.
8012 Pennsylvania Circle, NE
Albuquerque, NM 87110
(505) 888-4357
rv@carterlawfirm.com
*Attorneys for Plaintiff*

Bryan L. Williams
Ron Bel Injury Lawyers
610 Seventh St., NW
Albuquerque, NM 87102
(505) 242-7979 ext. 280
bwilliams@898-bell.com
*Attorneys for Plaintiff*

*/s/Jessica C. Singer*
Jessica C. Singer

4

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/29/2016 2:46:43 PM
STEPHEN T. PACHECO
Jessica Garcia

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

BILLY CULLEN,

       Plaintiff,

v.                                                              No. ___D-101-CV-2016-00801___

GEICO GENERAL INSURANCE COMPANY,          Case assigned to Ortiz, Raymond Z.

       Defendant.

## COMPLAINT FOR EQUITABLE RELIEF, UNFAIR PRACTICES, FOR UM/UIM INSURANCE BENEFITS AND DECLARATORY JUDGMENT

COMES NOW, Plaintiff, BILLY CULLEN, hereinafter referred to as "Plaintiff Cullen" by and through his attorneys, Richard J. Valle, of Carter & Valle Law Firm, P.C., and Bryan L. Williams, of Ron Bell Injury Lawyers, for his Complaint against Defendant states:

1.     Plaintiff Cullen is currently a resident of Luna County, State of New Mexico.

2.     Upon information and belief, Defendant GEICO General Insurance Company ("GEICO") is a foreign corporation, doing business in New Mexico with its agent for service of process in Santa Fe County.

3.     Venue in this court is proper.

4.     This court has jurisdiction of the parties and subject matter herein.

5.     Plaintiff Cullen purchased and GEICO issued an insurance policy (the "GEICO Policy") covering a 1998 Isuzu, 2002 Ford and 2003 Chevrolet with policy no. 4259-71-02-10 providing UM/UIM coverage during the time of an August 4, 2014 accident at issue in this case.

6.     On August 4, 2014, an individual known as John Wilson drove a motor vehicle and hit pedestrian Plaintiff Cullen.

1



7.      The crash between Wilson and Cullen occurred in Luna County, New Mexico, and resulted in serious injury to Plaintiff.

8.      Wilson failed to use ordinary care, failed to keep a proper look out, and failed to yield the right of way to Plaintiff.

9.      The rules of the road require the drivers such as Wilson to not run over a stationary pedestrian such as Plaintiff Cullen.

10.     The crash happened 100% due to the fault of Wilson.

11.     The collision was investigated by the Luna County Sherriff's Office.

12.     Wilson's conduct was a violation of NMSA 1978, § 66-8-114, and other statutes which were enacted for the benefit and protection of a class of the public of which Plaintiff was a member and therefore Wilson's violation of these statutes constitutes negligence per se.

13.     The injuries that Plaintiff suffered are of the type that the government sought to prevent when it enacted the statutes referred to above.

14.     The crash involved herein occurred as a result of the sole negligence of Wilson.

15.     Wilson recklessly ran over Plaintiff.

16.     Plaintiff was not responsible for this crash in any way.

17.     Plaintiff made demand on Wilson's insurer for insurance benefits.

18.     Wilson did not have sufficient insurance to pay for Plaintiff's damages.

19.     Wilson's insurer tendered its insurance policy limits, and Plaintiff requested GEICO's approval to accept those insurance proceeds.

20.     Wilson is an underinsured motorist.

2

21.    The GEICO Policy provided UM/UIM coverage with limits of $25,000 per person/$50,000 occurrence, but stacked for three vehicles with total coverage of $75,000 per person/$150,000 occurrence.

22.    On September 3, 2014, GEICO's authorized representative forwarded a certified copy of the complete policy accompanied by an affidavit, signed and sworn under penalty of perjury, that the coverage was $25,000 per person/$50,000 occurrence for three vehicles.

23.    A copy of GEICO's sworn Affidavit, the cover letter dated September 3, 2014, and the certified policy, are attached hereto as Exhibit 1.

24.    In GEICO's affidavit of coverage it represented the policy period as 02-24-14 through 08-24-14.

25.    On November 17, 2014, Plaintiff received a $25,000 policy limit from the liability policy covering the tortfeasor's actions.

26.    On December 2, 2014, Plaintiff faxed GEICO proof of the $25,000 policy limit offer from the tortfeasor and requested the remaining $50,000 available from the GEICO UM policy (after taking an offset for the $25,000 received from the tortfeasor).

27.    On December 8, 2014, GEICO offered Plaintiff $25,000.  The offer did not state the basis for the offer or that it was a policy limit offer.

28.    Later on December 8, 2014 after discussing the discrepancy in the amount of UM available on the GEICO policy, GEICO faxed Plaintiff a letter advising that there were only two cars on the policy, as one car was deleted three days prior to subject crash.

29.    In an attempt to support the claimed deletion of the third car, GEICO provided a "screen shot" of the GEICO computer system the adjuster was viewing.  *See* Screen Shot attached hereto as Exhibit 2.

3

30.     Said Screen Shot shows limited information about the policy in question. However, said Screen Shot lists the "effective date" as "2014/00/01" which is not a valid date.

31.     GEICO has not produced any other evidence to support the claimed deletion of the third vehicle and corresponding lower coverage amounts.

32.     GEICO has not explained why the affidavit affirming there were three vehicles on the policy is incorrect and therefore unreliable.

33.     GEICO has not explained when one can rely upon their affidavits of coverage as compared to when one cannot rely upon their affidavits of coverage as they are now requesting the Plaintiff to do.

34.     Plaintiff's medical special damages after the crash exceed $100,000.

35.     Plaintiff advised GEICO that the medical special damages exceed $100,000 and sent GEICO medical bills and records.

36.     At no time prior to the filing of this suit did GEICO ever advise that the crash was in any way the fault of Plaintiff or that Plaintiff's damages were caused by anything other than the crash.

37.     On information and belief, on numerous other occasions in New Mexico GEICO has been erroneous in its representations as to available UM/UIM insurance coverage.

38.     Plaintiff thereafter made demand for insurance policy benefits.

39.     GEICO paid the undisputed $25,000 UM coverage available.  However, GEICO refused to pay the $25,000 UM coverage on the third car in question, even though GEICO's sworn affidavit confirmed the coverage was in place at the time of the subject crash.

40.     GEICO did not provide Plaintiff the claims handling to which he is entitled.

## COUNT I: BREACH OF CONTRACT

41.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

42.     GEICO's acts and failures to act, as enumerated above, constitute a willful breach of its Contract with Plaintiff.

43.     GEICO delayed its handling of Plaintiff's claim.

44.     Plaintiff performed all conditions precedent to Plaintiff's contract with GEICO.

45.     As a direct result of the breach of the Contract by GEICO, Plaintiff has suffered damages in an amount to be determined at trial.

46.     GEICO's acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

47.     GEICO has a duty under New Mexico law to accurately provide its insureds with correct policy limits and policy information.

48.     GEICO's subsequent attempt to alter its prior sworn representation of insurance coverage is a breach of contract and a breach of New Mexico law.

49.     GEICO's actions were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

## COUNT II: CONTRACTUAL BENEFITS

50.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

51.     Pursuant to its contract of insurance, GEICO owes Plaintiff insurance benefits under the policy.

5

52.     Plaintiff has cooperated with every request by GEICO concerning the claim for contractual benefits.

53.     Plaintiff has complied with all conditions precedent to his claim for contractual benefits with GEICO.

54.     Plaintiff is entitled to contractual benefits of $25,000.00.

## COUNT III: UIM BENEFITS

55.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

56.     Pursuant to its contract of insurance, GEICO owes Plaintiff UIM insurance benefits under the policy.

57.     Plaintiff has cooperated with every request by GEICO concerning the claim for contractual benefits.

58.     Plaintiff has complied with all conditions precedent to his claim for UIM benefits with GEICO.

## COUNT IV: UNFAIR INSURANCE CLAIM PRACTICES

59.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

60.     The acts and failures to act of GEICO, as enumerated above, constitute unfair claims practices which are prohibited pursuant to the New Mexico Unfair Insurance Claims Practices Act, NMSA 1978, §59A-16-20.

61.     Specifically, GEICO knowingly engaged in acts with such a frequency as to indicate a general business practice of failing to act reasonably promptly with respect to claims from insureds arising under policies; and not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear with such frequency as to indicate that such conduct is GEICO's general business practice.

6

62.     GEICO knowingly engaged in misrepresentations of insurance coverage.

63.     On information and belief, GEICO assigns less experienced claims handlers to claims until suit is filed.

64.     In order to obtain GEICO's best claims services, an insured must sue GEICO.

65.     As a direct and proximate result of the unfair claims practices of GEICO, Plaintiff has suffered damages in a monetary amount to be determined at trial.

66.     Plaintiff is also entitled to an award of attorney fees and costs under the statute.

## COUNT V: UNFAIR TRADE PRACTICES

67.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

68.     The acts and failures to act by GEICO, as enumerated above, constitute unfair and deceptive trade practices and unconscionable trade practices which are illegal and prohibited pursuant to the New Mexico Unfair Trade Practices Act, NMSA 1978, §§57-12-1.

69.     As a direct result of GEICO's unfair and deceptive trade practices and unconscionable trade practices, Plaintiff has suffered damages in a monetary amount to be determined at trial.

70.     Plaintiff is also entitled to attorney fees, statutory and treble damages for violations of the Unfair Trade Practices Act.

71.     The acts and failures to act by GEICO were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

## COUNT VI: DECLARATORY JUDGMENT

72.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

73.     An actual controversy exists between the parties thereby rendering declaratory relief proper pursuant to Rule 1-057 NMRA and the New Mexico Declaratory Judgment Act, NMSA 1978, Sections 44-6-1 through -15.

74.     Plaintiffs are entitled to a declaratory judgment establishing the respective rights and obligations of the parties with respect to the claims set forth herein.

75.     At issue is whether Defendant GEICO may reduce or eliminate UM/UIM coverage under the circumstances of this claim.

### COUNT VII: INJUNCTIVE RELIEF

76.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

77.     Plaintiff is entitled to injunctive relief requiring that Defendants GEICO be enjoined from continuing practices that violate its duties as well as the contractual and legal obligations owed to Plaintiff.

78.     Defendant GEICO must be compelled to stop its practice of issuing affidavits of coverage, then asserting that its affidavit should not be relied upon or is in any way incorrect.

79.     Defendant GEICO must require all claims handlers to personally examine all sources from which coverage derives before any representations of coverage are made.

80.     Plaintiff and other GEICO insureds are at risk of irreparable harm if GEICO is allowed to continue to issue affidavits of coverage that are not directly based on original source documents.

81.     GEICO should not be allowed to represent insurance coverage with a review of a computer database or any summary or other document instead of the original source documents for coverage.

**WHEREFORE**, Plaintiff prays for judgment against GEICO for all damages as determined at trial, equitable relief, together with the costs of this litigation, pre-judgment and post-judgment interest, reasonable attorney fees, punitive damages, as well as an early mediation at Defendant's expense as set forth in NMSA 1978 §57-12-1 et seq, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**CARTER & VALLE LAW FIRM, P.C.**

_/s/Richard J. Valle_
**RICHARD J. VALLE**
Attorneys for Plaintiff
8012 Pennsylvania Circle, NE
Albuquerque, NM 87110
(505) 888-4357
rv@carterlawfirm.com

and

**RON BELL INJURY LAWYERS**

_/s/Bryan L. Williams_
**BRYAN L. WILLIAMS**
Attorneys for Plaintiff
610 Seventh St., NW
Albuquerque, NM 87102
(505) 242-7979 ext. 280
bwilliams@898-bell.com

# GEICO Fax

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·



| Government Employees Insurance Company | ■ Chevy Chase, MD. | ■ Dallas, TX |
| GEICO General Insurance Company | ■ Fredericksburg, VA | ■ Lakeland, FL |
| GEICO Indemnity Insurance Company | ■ Woodbury, NY | ■ Honolulu, HI. |
| GEICO Casualty Insurance Company | ■ Macon, GA | ■ Coralville, IA |
| | ■ Poway, CA | ■ Virginia Beach, VA |

To:    15052437192
From:  ClaimsAtlas@geico.com
Date:  September 03, 2014 17:35:55 GMT
Subj:  ::DEFA::cc:5143399||cc:5715960::RE: BILLY JIM CULLEN
Pages: 25

---

Date:                    September 03, 2014

To:                      Ron Bell Injury Lawyers/Bryan L. Williams

Fax Number:              505-243-7192

From:                    Charles Johnson 800-841-5432 x1785
                         GEICO General Insurance Company
                         P.O. Box 509105
                         San Diego, CA - 92150-9930

Subject:                 RE: BILLY JIM CULLEN

Message:

========================
This email/fax message is for the sole use of the intended

EXHIBIT
1

recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution of this email/fax is prohibited. If you are not the intended recipient, please destroy all paper and electronic copies of the original message.

# A F F I D A V I T

I, RUBEN S. GARAY, of GEICO GENERAL Insurance Company, a corporation organized and existing under the laws of the State of Maryland, do hereby certify that the attached are the policy limits, contract and amendments that were in effect for policy number 4259 71 02 10 for the loss date of AUGUST 14, 2014 issued to TINA M PLANT AND BILLY J CULLEN policy address is 201 LEWIS FLATS RD SE DEMING NM 88030-9041 by GEICO GENERAL Insurance Company.

_____
Ruben S. Garay
Claims Coverage Underwriter


Subscribed and sworn before me this ___22nd___ day of ___August___ 2014.


_____
Notary Public

MARIE RUTH BLACKWELL
Notary Public, State of Texas
My Commission Expires
February 18, 2015

COV1



**GEICO.**
geico.com

Tel: 1-800-841-3000

**GEICO GENERAL INSURANCE COMPANY**
P.O. Box 509090
San Diego, CA 92150-9090

Date Issued: January 21, 2014

TINA M PLANT AND BILLY J
CULLEN
210 LEWIS FLATS RD SE
DEMING NM  88030-9041

Email Address: poni712@yahoo.com

# Declarations Page

This is a description of your coverage.
Please retain for your records.

## Policy Number: 4259-71-02-10
## Coverage Period:
02-24-14 through 08-24-14
12:01 a.m. local time at the address of the named insured.

| Named Insured | Additional Driver |
|---|---|
| Tina M Plant | Shana Chavez |
| Billy J Cullen | |

| Vehicles | | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|---|
| 1 1998 Isuzu | Trooper S | JACDJ58X8W7904979 | Deming NM 88030 | |
| 2 2002 Ford | Taurus SE | 1FAFP58UX2G225228 | Deming NM 88030 | First New Mexico Bank |
| 3 2003 Chev | Malibu | 1G1ND52J33M693326 | Deming NM 88030 | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 | Vehicle 2 | Vehicle 3 |
|---|---|---|---|---|
| Bodily Injury Liability | | | | |
| Each Person/Each Occurrence | $25,000/$50,000 | $27.90 | $31.90 | $31.90 |
| Property Damage Liability | $10,000 | $23.60 | $26.90 | $26.90 |
| Uninsured Motorists Bodily Injury | | | | |
| Each Person/Each Occurrence | $25,000/$50,000 | $28.30 | $28.30 | $28.30 |
| Uninsured Motorist Property Damage | $10,000 | $0.00 | $0.00 | $0.00 |
| Comprehensive | $500 Ded | - | $23.30 | - |
| Collision | $500 Ded | - | $37.20 | - |
| **Six Month Premium Per Vehicle** | | $79.80 | $147.60 | $87.10 |
| **Total Six Month Premium** | | | | $314.50 |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

T-E
DEC_PAGE (11-11)  (Page 1 of 2)

Continued on Back
Renewal Policy Page 9 of 14

*4000014259710210300320054447*

**Discounts**

| | |
|---|---|
| The total value of your discounts is | $146.30 |
| Multi-Car (All Vehicles) | $82.70 |
| Multiline (All Vehicles) | $9.50 |
| Anti-Lock Brakes (Veh 2) | $1.90 |
| Anti-Theft Device (Veh 2) | $2.50 |
| 5 Year Good Driving (All Vehicles) | $49.70 |

Contract Type: A70NM
Contract Amendments:  ALL VEHICLES - A54NM A70NM

Unit Endorsements:     UE316 (VEH 2)

---

### Important Policy Information

-Please review the front and/or back of this page for your coverage and discount information.

-Special 50+ rating applies.

-Congratulations!  Your policy has been issued with our Prime Time Contract that contains a lifetime renewal guarantee provision.  Please review your policy contract for specific exceptions to this guarantee.

-No coverage is provided in Mexico.

-Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA and NORTH CAROLINA. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

-You have the right to receive a detailed written explanation of the reasons for any change to your renewal policy premium.

-Confirmation of coverage has been sent to your lienholder and/or additional insured.

---

# GEICO

ONE GEICO PLAZA
Washington, D. C. 20076-0001
Telephone: 1-800-841-3000

# New Mexico Family Automobile Insurance Policy

Government Employees Insurance Company
GEICO General Insurance Company

A70NM (05-06)

POLICY INDEX

Page

SECTION I - LIABILITY COVERAGES

Your Protection Against Claims From Others
Definitions                                                    3
Losses We Will Pay For You                                     3
Additional Payments We Will Make Under The
      Liability Coverages                                      3
      Legal Expenses and Court Costs
      Bail and Appeal Bonds
      First Aid Expenses
Exclusions: When Section I Does Not Apply                      4
Persons Insured:Who is Covered                                 5
Financial Responsibility Laws                                  5
Out-of-State Insurance                                         5
Limits of Liability                                            5
Other Insurance                                                5
Conditions                                                     5
      Notice:  Reporting Your Loss
            If Suit is Brought Against You
      Two or More Autos
      Assistance and Cooperation of the Insured
      Action Against Us
      Subrogation

SECTION II - AUTOMOBILE MEDICAL PAYMENTS
COVERAGE

Protection For You and Your Passengers For Medical
Expenses
Definitions                                                   6
Payments We Will Make                                         6
Exclusions:  When This Coverage Does Not Apply                7
Limit of Liability                                            7
Other Insurance                                               7
Conditions                                                    7
      Notice
      Two Or More Autos
      Action Against Us
      Medical Reports - Proof And Payment of Claims
      Subrogation

SECTION III - PHYSICAL DAMAGE COVERAGES

Your Protection for Loss of or Damage to Your Car
Definitions                                                   8
Losses We Will Pay For You                                    8
      Comprehensive (Excluding Collision) Coverage            8
      Collision Coverage                                      9
Additional Payments We Will Make Under The
      Physical Damage Coverages                               9
Exclusions:  When The Physical Damage
      Coverages Do Not Apply                                  9
Limits of Liability                                          10
Other Insurance                                              10
Conditions                                                   10

Page

      Notice
      Two or More Autos
      Assistance and Cooperation of the Insured
      Action Against Us
      Insured's Duties in Event of Loss
      Appraisal
      Payment of Loss
      No Benefit To Bailee
      Subrogation

SECTION IV - UNINSURED MOTORISTS AND
UNDERINSURED MOTORIST COVERAGE

Your Protection For Injuries Caused By
Uninsured/Underinsured And Hit And Run Motorists
Definitions                                                  11
Losses We Pay                                                12
Exclusions:  When This Coverage Does Not Apply               12
Limits of Liability                                          13
Other Insurance                                              13
Arbitration                                                  13
Trust Agreement                                              14
Conditions                                                   14
      Notice:  Reporting Your Loss
      Assistance and Cooperation of the Insured
      Action Against Us
      Proof of Claim and Medical Reports
      Payment of Loss

SECTION V - GENERAL CONDITIONS

The Following Apply to All coverage In This Policy
Territory                                                    15
Premium                                                      15
Changes                                                      15
Assignment                                                   15
Cancellation By The Insured                                  15
Cancellation By Us                                           15
Cancellation By Us Is Limited                                16
Renewal                                                      16
Other Insurance                                              16
Dividend Provision                                           16
Declarations                                                 16
Fraud and Misrepresentation                                  17
Examination Under Oath                                       17
Policy Period                                                17
Terms of Policy Conformed to Statues                         17
Disposal of Vehicle                                          17
Choice of Law                                                17

SECTION VI - AMENDMENTS AND  ENDORSEMENTS

Special Endorsement - United States -  Government
Employees                                                    17

Whenever "he," "his," "him," or "himself" appears in this policy, *you* may read "she," "her," "hers," or "herself."

### AGREEMENT

We, the Company named in the declarations attached to this policy, make this agreement with *you*, the policyholder. Relying on the information *you* have furnished and the declarations attached to this policy and if *you* pay *your* premium when due, we will do the following:

SECTION I - LIABILITY COVERAGES - BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY
YOUR PROTECTION AGAINST CLAIMS FROM OTHERS

### DEFINITIONS

The words italicized in Section I of this policy are defined below.

1. *Auto business* means the business of selling, repairing, servicing, storing, transporting or parking of autos.
2. *Bodily injury* means bodily injury to a person, including resulting sickness, disease or death.
3. *Farm auto* means a truck type vehicle with a load capacity of 2,000 pounds or less, not *used* for commercial purposes other than farming.
4. *Insured* means a person or organization described under "persons insured."
5. *Non-owned auto* means an automobile or *trailer* not owned by or furnished for the regular *use* of either *you* or a *relative*, other than a *temporary substitute auto*. An auto rented or leased for more than 30 days will be considered as furnished for regular *use*.
6. *Owned auto* means:
   (a) A vehicle described in this policy for which a premium charge is shown for these coverages;
   (b) A *trailer* owned by *you;*
   (c) A *private passenger*, *farm* or *utility auto*, ownership of which *you* acquire during the policy period or for which *you* enter into a lease during the policy period for a term of six months or more, if
      (i) It replaces an *owned auto* as defined in (a) above; or
      (ii) We insure all *private passenger*, *farm* and *utility autos* owned by *you* on the date of the acquisition, and *you* ask us to add it to the policy no more than 30 days later;
   (d) A *temporary substitute auto.*
7. *Private passenger auto* means a four-wheel private passenger, station wagon or jeep-type auto.
8. *Relative* means a person related to *you* who resides in *your* household.
9. *Temporary substitute auto* means an automobile or *trailer*, not owned by *you*, temporarily *used* with the express or implied permission of the owner. This vehicle must be used as a substitute for the *owned auto* or *trailer* when withdrawn from normal *use* because of its breakdown, repair, servicing, loss or destruction.
10. *Trailer* means a *trailer* designed to be towed by a *private passenger auto*, if not being *used* for business or commercial purposes with a vehicle other than a *private passenger*, *farm* or *utility auto*.
11. *Use* of an auto includes the loading and unloading of the auto.
12. *Utility auto* means a vehicle, other than a *farm auto*, with a load capacity of 2,000 pounds or less of the pick-up body, van or panel truck type not *used* for commercial purposes.
13. *War* means armed conflict between nations, whether or not declared, civil war, insurrection, rebellion or revolution.
14. *You* and *your* means the policyholder named in the declarations or his or her spouse if a resident of the same household.

### LOSSES WE WILL PAY FOR YOU

Under Section I, we will pay damages which an *insured* becomes legally obligated to pay because of:

1. *Bodily injury*, sustained by a person, and
2. Damage to or destruction of property arising out of the ownership, maintenance or *use* of the *owned auto* or a *non-owned auto*. We will defend any suit for damage payable under the terms of this policy. We may investigate and settle any claim or suit.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES

1. All investigative and legal costs incurred by us.
2. All court costs charged to an *insured* in a covered law suit.

3. All interest accruing on that amount of a judgment which represents our limit of liability, until we have paid, offered, or deposited in court that part of a judgment not exceeding the limit of our liability.

4. Premiums for appeal bonds in a suit we appeal, or premiums for bonds to release attachments; but the face amount of these bonds may not exceed the applicable limit of liability.

5. Premiums for bail bonds paid by an *insured* due to traffic law violations arising out of the *use* of an insured auto, not to exceed $250 per bail bond.

We will upon request by an *insured*, provide reimbursement for the following items:

(a) Costs incurred by any *insured* for first aid to others at the time of an accident involving an *owned auto* or *non-owned auto*.

(b) Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.

(c) All reasonable costs incurred by an *insured* at our request.

EXCLUSIONS

When Section I Does Not Apply

1. Section I does not apply to any vehicle *used* to carry passengers or goods for hire. However, a vehicle *used* in an ordinary car pool on a ride sharing or cost sharing basis is covered.

2. *Bodily injury* or property damage caused intentionally by or at the direction of an *insured* is not covered.

3. We do not cover *bodily injury* or property damage that is insured under a nuclear liability policy.

4. *Bodily injury* or property damage arising from the operation of farm machinery is not covered.

5. *Bodily injury* to an employee of an *insured* arising out of and in the course of employment by an *insured* is not covered.

   However, *bodily injury* of a domestic employee of the *insured* is covered unless benefits are payable or are required to be provided under a workers' or workmen's compensation law.

6. We do not cover *bodily injury* to a fellow employee of an *insured* (other than *you*) if the fellow employee's *bodily injury* arises from the *use* of an auto while in the course of employment and if workers' compensation or other similar coverage is available. We will defend *you* if suit is brought by a fellow employee against *you* alleging injury arising out of the *use*, ownership or maintenance of an auto by *you*.

7. A *non-owned auto*, maintained or *used* by any person, is not covered while such person is employed or otherwise engaged in (1) any *auto business* if the accident arises out of that business; (2) any other business or occupation of any *insured* if the accident arises out of that business or occupation, except a *private passenger auto used* by *you* or *your* chauffeur or domestic servant while engaged in such other business.

   However, coverage does apply to a *non-owned private passenger auto used* by *you*, *your* chauffeur or a domestic servant, while engaged in the business of an *insured*.

8. We do not cover:

   (a) The United States of America or any of its agencies;

   (b) Any person, including *you,* if protection is afforded under the provisions of the Federal Tort Claims Act.

9. We do not cover an auto acquired by *you* during the policy term, if *you* have purchased other liability insurance for it.

10. We do not cover damage to:

    (a) Property, including motor vehicles of any type, owned or transported by an *insured;* or

    (b) Property rented to or in the charge of an *insured* other than a residence or private garage.

11. *Bodily injury* or property damage that results from nuclear exposure or explosion including resulting fire, radiation or contamination is not covered.

12. *Bodily injury* or property damage that results from bio-chemical attack or exposure to bio-chemical agents is not covered

13. We do not cover any liability assumed under any contract or agreement.

14. We do not cover *bodily injury* or property damage caused by an auto driven in or preparing for, whether or not prearranged or organized, any racing, speed, or demolition contest or stunting activity of any nature.

15. Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages.

## PERSONS INSURED

### Who Is Covered

Section I applies to the following as *insureds* with regard to an *owned auto*:

1.  *You* and *your relatives;*

2.  Any other person using the auto with *your* express or implied permission. The actual *use* must be within the scope of that permission.

3.  Any other person or organization for his or its liability because of acts or omissions of an *insured* under 1. or 2. above.

Section I applies to the following with regard to a *non-owned auto*:

1.  (a) *You;*
    (b) *Your relatives* when using a *private passenger auto, utility auto, farm auto,* or *trailer*.

    Such *use* by *you* and *your relatives* must be with the express or implied permission, or reasonably believed to be with the express or implied permission, of the owner and within the scope of that permission.

2.  A person or organization, not owning or hiring the auto, regarding its liability because of acts or omissions of an *insured* under 1. above.

    The limits of liability stated in the declarations are our maximum obligations regardless of the number of *insureds* involved in the occurrence.

The limits of liability stated in the declarations are our maximum obligations regardless of the number of *insureds* involved in the occurrence.

## FINANCIAL RESPONSIBILITY LAWS

When this policy is certified as proof of financial responsibility for the future under the provisions of a motor vehicle financial responsibility law, this liability insurance will comply with the provisions of that law. The *insured* agrees to reimburse us for payments made by us which we would not have had to make except for this agreement.

## OUT-OF-STATE INSURANCE

When the policy applies to the operation of a motor vehicle outside of *your* state, we agree to increase *your* coverages to the extent required of out-of-state motorists by local law. This additional coverage will be reduced by the extent that *you* are protected by another insurance policy. No person can be paid more than once for any item of loss.

## LIMITS OF LIABILITY

Regardless of the number of autos or *trailers* to which this policy applies:

1.  The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one person as the result of one occurrence.

2.  The limit of such liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of any one occurrence.

3.  The limit of property damage liability stated in the declarations as applicable to "each occurrence" is the total limit of our liability for all damages because of injury to or destruction of the property of one or more persons or organizations, including the loss of use of the property as the result of any one occurrence.

## OTHER INSURANCE

If the *insured* has other insurance against a loss covered by **Section I** of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for losses arising out of the ownership, maintenance or *use* of a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

## CONDITIONS

The following conditions apply to Section I:

1.  NOTICE

    As soon as possible after an occurrence, written notice must be given by or on behalf of the *insured* to us or our authorized agent stating:
    (a) The identity of the *insured;*
    (b) The time, place and details of the occurrence;
    (c) The name and addresses of the injured, and of any witnesses; and
    (d) The names of the owners and the description and location of any damaged property.

If a claim or suit is brought against an *insured*, he must promptly send us each demand, notice, summons or other process received.

2. TWO OR MORE AUTOS

If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

3. ASSISTANCE AND COOPERATION OF THE *INSURED*

The *insured* will cooperate and assist us if requested:
   (a) In the investigation of the occurrence;
   (b) In making settlements;
   (c) In the conduct of suits;
   (d) In enforcing any right of contribution or indemnity against any legally responsible person or organization because of *bodily injury* or property damage;
   (e) At trials and hearings;
   (f) In securing and giving evidence; and
   (g) By obtaining the attendance of witnesses.

Only at his own cost will the *insured* make a payment, assume any obligation or incur any cost other than for first aid to others.

4. ACTION AGAINST US

No suit will lie against us:
   (a) Unless the *insured* has fully complied with all the policy's terms and conditions; and
   (b) Until the amount of the *insured's* obligation to pay has been finally determined either:
      (i) By a final judgment against the *insured* after actual trial; or
      (ii) By written agreement of the *insured*, the claimant and us.

A person or organization or the legal representative of either, who secures a judgment or written agreement, may then sue to recover up to the policy limits.

No person or organization, including the *insured*, has a right under this policy to make us a defendant in an action to determine the *insured's* liability.

Bankruptcy or insolvency of the *insured* or of his estate will not relieve us of our obligations.

5. SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after loss to prejudice these rights.

This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

---

**SECTION II - AUTO MEDICAL PAYMENTS**
**PROTECTION FOR YOU AND YOUR PASSENGERS FOR MEDICAL EXPENSES**

---

DEFINITIONS

The definitions of terms shown under Section I apply to this coverage. In addition, under this coverage, *occupying* means in or upon or entering into or alighting from.

PAYMENTS WE WILL MAKE

Under this coverage we will pay all reasonable expenses actually incurred by an *insured* within one year from the date of accident for necessary medical, surgical, x-ray, dental services, prosthetic devices. ambulance, hospital, professional nursing and funeral services. The one year limit does not apply to funeral services.

This coverage applies to:

1. *You* and each *relative* who sustains *bodily injury* caused by accident:
   (a) While *occupying* the *owned auto*; or
   (b) While *occupying* a *non-owned auto* if *you* or *your relative* reasonably believe *you* have the owner's permission to *use* the auto and the *use* is within the scope of that permission; or
   (c) When struck as a pedestrian by an auto or *trailer*.

2. Any other person who sustains *bodily injury* caused by accident while *occupying* the *owned auto* while being *used* by *you*, a resident of *your* household, or other persons with *your* permission.

## EXCLUSIONS

### When This Coverage Does Not Apply

1. There is no coverage for *bodily injury* sustained by any occupant of an *owned auto used* to carry passengers or goods for hire. However, a vehicle *used* in an ordinary car pool on a ride sharing or cost sharing basis is covered.

2. There is no coverage for an *insured* while *occupying* a vehicle located for use as a residence or premises.

3. *You* and *your relatives* are not covered for *bodily injury* sustained while *occupying* or when struck by:

   (a) A farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads; or

   (b) A vehicle operated on rails or crawler treads.

4. There is no coverage for persons employed in the *auto business*, if the accident arises out of that business and if benefits are required to be provided under a worker's compensation law.

5. There is no coverage for *bodily injury* sustained due to *war*.

6. There is no coverage for *bodily injury* that results from nuclear exposure or explosion including resulting fire, radiation or contamination.

7. There is no coverage for *bodily injury* that results from bio-chemical attack or exposure to bio-chemical agents.

8. We do not cover *bodily injury* caused by an auto driven in or preparing for, whether or not prearranged or organized, any racing, speed, or demolition contest or stunting activity of any nature.

## LIMIT OF LIABILITY

The limit of liability for medical payments stated in the declarations as applying to "each person" is the limit we will pay for all costs incurred by or on behalf of each person who sustains *bodily injury* in one accident. This applies regardless of the number of persons insured or the number of autos or *trailers* to which this policy applies.

## OTHER INSURANCE

If the *insured* has other medical payments insurance against a loss covered by Section II of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide to a person who sustains *bodily injury* while *occupying* a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

## CONDITIONS

The following conditions apply to this coverage:

1. NOTICE

   As soon as possible after an accident, written notice must be given by or on behalf of the *insured* to us or our authorized agent stating:

   (a) The identity of the *insured*;
   (b) The time, place and details of the accident; and
   (c) The names and addresses of the injured, and of any witnesses.

2. TWO OR MORE AUTOS

   If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

3. ACTION AGAINST US

   Suit will not lie against us unless the *insured* has fully complied with all the policy terms.

4. MEDICAL REPORTS - PROOF AND PAYMENT OF CLAIMS

   As soon as possible, the injured person or his representative will furnish us with written proof of claim, under oath if required. After each request from us, he will give us written authority to obtain medical reports and copies of records.

   The injured person will submit to an examination by doctors chosen by us and at our expense as we may reasonably require.

   We may pay either the injured person, the doctor or other persons or organizations rendering medical services. These payments are made without regard to fault or legal liability of the *insured*.

5. SUBROGATION

   When we make a payment under this coverage, we will be subrogated (to the extent of our payment) to the rights of recovery the injured person or anyone receiving such payments may have against any person or organization. Such person shall do whatever is necessary to secure our rights and shall do nothing to prejudice them.

SECTION III - PHYSICAL DAMAGE COVERAGES
*YOUR* PROTECTION FOR LOSS OR DAMAGE TO *YOUR* CAR

DEFINITIONS

The definitions of the terms *auto business, farm auto, private passenger auto, relative, temporary substitute auto, utility auto, you, use* and *war* under Section I apply to Section III also. Under this Section, the following special definitions apply.

1. *Actual cash value* is the replacement cost of the auto or property less *depreciation* or *betterment*.

2. *Betterment* is improvement of the auto or property to a value greater than its pre-loss condition.

3. *Collision means loss caused by upset of the covered auto or its collision with another object, including an attached* vehicle.

   *Losses* caused by the following are comprehensive losses:
   (a) missiles; (b) falling objects; (c) fire; (d) lightning; (e) theft; (f) larceny; (g) explosion; (h) earthquake;(i) colliding with a bird or animal; (j) windstorm; (k) hail; (l) water; (m) flood; (n) malicious mischief; (o) vandalism; (p) riot; or (q) civil commotion.

4. *Custom parts* or *equipment* means paint, equipment, devices, accessories. enhancements, and changes, other than those which are original manufacturer installed, which:

   (a) Are permanently installed or attached; or
   (b) Alter the appearance or performance of a vehicle;

   This includes any electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or to play back recorded media, other than those which are original manufacturer installed, that are permanently installed in the *owned auto* or a newly acquired vehicle using bolts or brackets, including slide-out brackets.

5. *Depreciation* means a decrease or loss in value to the auto or property because of use, disuse, physical wear and tear, age, outdatedness, or other causes.

6. *Insured* means:

   (a) Regarding the *owned auto*:
       (i) *You* and *your relatives*;
       (ii) A person or a organization maintaining, *using* or having custody of the auto with *your* permission, if his use is within the scope of that permission.
   (b) Regarding a *non-owned auto*; you and *your relatives, using* the auto, if the actual operation or *use* is with the permission or reasonably believed to be with the permission of the owner and within the scope of that permission.

7. *Loss* means direct and accidental loss of or damage to:

   (a) The auto, including its equipment; or
   (b) Other insured property.

8. *Non-owned auto* means a *private passenger auto, utility auto, farm auto,* or *trailer* not owned by or furnished for the regular *use* of either *you* or *your relatives*, except a *temporary substitute auto. You* or *your relative* must be *using* the auto or *trailer* within the scope of permission given by its owner. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

9. *Owned auto* means:

   (a) Any vehicle described in this policy for which a specific premium charge indicates there is coverage;
   (b) A *private passenger, farm auto* or *utility auto* or a *trailer*, ownership of which is acquired by *you* during the policy period or for which *you* enter into a lease for six months or more during the policy period; if
       (i) It replaces an *owned auto* as described in (a) above, or
       (ii) We insure all *private passenger, farm, utility autos* and *trailers* owned by *you* on the date of such acquisition and *you* request us to add it to the policy within 30 days afterward;
   (c) A *temporary substitute auto.*

10. *Trailer* means a trailer designed for use with a *private passenger auto* and not used as a home, office, store, display or passenger trailer.

LOSSES WE WILL PAY FOR *YOU*

COMPREHENSIVE (EXCLUDING COLLISION)

1. We will pay for each *loss*, less the applicable deductible, caused other than by *collision*, to the *owned* or *non-owned auto*. This includes glass breakage.

No deductible will apply to **loss** caused by fire, lightning, smoke, smudge, or damage sustained while the vehicle is being transported on any conveyance.

At the option of the **insured**, breakage of glass caused by **collision** may be paid under the Collision coverage, if included in the policy.

2. We will pay, up to $200 per occurrence, less any deductible shown in the declarations, for **loss** to personal effects due to:
   (a) fire; (b)lightning; (c) flood; (d) theft of the entire automobile; (e) falling objects; (f) earthquake; or (g) explosion.

   The property must be owned by **you** or a **relative,** and must be in or upon an **owned auto.**

   No deductible will apply due to **loss** by fire or lightning.

3. Losses arising out of a single occurrence shall be subject to no more than one deductible.

COLLISION

1. We will pay for **collision loss** to the **owned** or **non-owned auto** for the amount of each **loss** less the applicable deductible.

2. We will pay up to $200 per occurrence, less the applicable deductible, for **loss** to personal effects due to a **collision**. The property must be owned by **you** or a **relative**, and must be in or upon an **owned auto**.

3. **Losses** arising out of a single occurrence shall be subject to no more than one deductible.

ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGES COVERAGES

1. We will reimburse the **insured** for transportation expenses incurred during the period beginning 48 hours after a theft of the entire auto covered by comprehensive coverage under this policy has been reported to us and the police. Reimbursement ends when the auto is returned to use or we pay for the **loss**.

   Reimbursement will not exceed $25 per day, nor $750 per **loss**.

2. We will pay general average and salvage charges for which the **insured** becomes legally liable when the auto is being transported.

EXCLUSIONS

When The Physical Damage Coverages Do Not Apply

1. An auto **used** to carry passengers or goods for hire is not covered. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

2. **Loss** due to **war** is not covered.

3. We do not cover **loss** to a **non-owned auto** when **used** by the **insured** in the **auto business**.

4. There is no coverage for damage caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft.

5. Tires, when they alone are damaged by **collision**, are not covered.

6. **Loss** due to radioactivity is not covered.

7. **Loss** to any tape, wire, record disc or other medium for use with a device designed for the recording and/or reproduction of sound is not covered.

8. We do not cover **loss** to any radar detector or laser detector.

9. We do not cover **trailers** when used for business or commercial purposes with vehicles other than **private passenger, farm** or **utility autos**.

10. There is no coverage for **loss** that results from nuclear exposure or explosion including resulting fire, radiation or contamination.

11. There is no coverage for **loss** that results from bio-chemical attack or exposure to bio-chemical agents.

12. We do not cover **loss** for **custom parts or equipment** unless the existence of those **custom parts or equipment** has been previously reported to us and an endorsement to the policy has been added

13. There is no coverage for any liability assumed under any contract or agreement.

14. There is no coverage for any **loss** resulting from:
    a. The acquisition of a stolen vehicle;
    b. Any governmental, legal or other action to return a vehicle to its legal, equitable, or beneficial owner, or anyone claiming an ownership interest in the vehicle;
    c. Any confiscation, seizure or impoundment of a vehicle by governmental authorities; or
    d. The sale of an **owned auto**.

15. There is no coverage for the destruction, impoundment, confiscation or seizure of a vehicle by governmental or civil authorities due to its use by *you*, a *relative* or a permissive user of the vehicle in illegal activity.

16. There is no coverage for any *loss* caused by participation in or preparing for, whether or not prearranged or organized, any racing or demolition contest or stunting activity of any nature.

LIMIT OF LIABILITY

The limit of our liability for *loss*:

1. Is the ***actual cash value*** of the property at the time of *loss*;

2. Will not exceed the cost to repair or replace the property, or any of its parts, with other of like kind and quality and will not include compensation for any diminution of the property's value that is claimed to result from the *loss*;

3. To personal effects arising out of one occurrence is $200;

4. To a *trailer* not owned by *you* is $500;

5. For ***custom parts or equipment*** is limited to the ***actual cash value*** of the ***custom parts or equipment***, not to exceed the ***actual cash value*** of the vehicle.

6. For glass repair or replacement, is not to exceed the prevailing competitive price. Although *you* have the right to choose any glass repair facility or location, the limit of liability for *loss* to window glass is the cost to repair or replace such glass but will not exceed the prevailing competitive price. This is the price we can secure from a competent and conveniently located glass repair facility. At *your* request, we will identify a glass repair facility that will perform the repairs at the prevailing competitive price.

***Actual cash value*** of property will be determined at the time of the *loss* and will include an adjustment for ***depreciation/betterment*** and for the physical condition of the property.

OTHER INSURANCE

If the ***insured*** has other insurance against a *loss* covered by Section III, we will not owe more than our pro rata share of the total coverage available.

Any insurance we provide for a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

CONDITIONS

The following conditions apply only to the Physical Damage coverages:

1. NOTICE

    As soon as possible after a *loss*, written notice must be given by or on behalf of the ***insured*** to us or our authorized agent stating:

    (a) The identity of the ***insured***;
    (b) A description of the auto or *trailer*;
    (c) The time, place and details of the *loss*; and
    (d) The names and addresses of any witnesses.

    In case of theft, the ***insured*** must promptly notify the police.

2. TWO OR MORE AUTOS

    If this policy covers two or more autos or *trailers*, the limit of coverage and any deductibles apply separately to each.

3. ASSISTANCE AND COOPERATION OF THE ***INSURED***

    The ***insured*** will cooperate and assist us, if requested:

    (a) In the investigation of the *loss*;
    (b) In making settlements;
    (c) In the conduct of suits;
    (d) In enforcing any right of subrogation against any legally responsible person or organization;
    (e) At trials and hearings;
    (f) In securing and giving evidence; and
    (g) By obtaining the attendance of witnesses.

4. ACTION AGAINST US

    Suit will not lie against us unless the policy terms have been complied with and until 30 days after proof of loss is filed and the amount of *loss* is determined.

    If we retain salvage, we have no duty to preserve or otherwise retain the salvage for any purpose, including as evidence for any civil or criminal proceeding. If *you* ask us immediately after a *loss* to preserve the salvage for inspection, we will do so for a period not to exceed 30 days. *You* may purchase the salvage from us if *you* wish.

5. **INSURED'S DUTIES IN EVENT OF LOSS**

In the event of *loss* the *insured* will:

(a) Protect the auto, whether or not the *loss* is covered by this policy. Further *loss* due to the *insured's* failure to protect the auto will not be covered. Reasonable expenses incurred for this protection will be paid by us.
(b) File with us, within 91 days after *loss*, his sworn proof of loss including all information we may reasonably require.
(c) At our request, the *insured* will exhibit the damaged property.

6. APPRAISAL

If we and the *insured* do not agree on the amount of *loss*, either may, within 60 days after proof of loss is filed, demand an appraisal of the *loss*. In that event, we and the *insured* will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the *actual cash value* and the amount of the *loss*. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of the *loss*. We and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

We will not waive our rights by any of our acts relating to appraisal.

7. PAYMENT OF **LOSS**

We may at our option:

(a) Pay for the *loss*; or
(b) Repair or replace the damaged or stolen property.

At any time before the *loss* is paid or the property replaced, we may return any stolen property to *you* or to the address shown in the declarations at our expense with payment for covered damage. We may take all or part of the property at the agreed or appraised value, but there will be no abandonment to us. We may settle claims for *loss* either with the *insured* or the owner of the property.

8. NO BENEFIT TO BAILEE

This insurance does not apply directly or indirectly to the benefit of a carrier or other bailee for hire liable for the *loss* of the auto.

9. SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after *loss* to prejudice these rights.

This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible.

---

### SECTION IV - UNINSURED MOTORISTS AND UNDERINSURED MOTORISTS COVERAGES
### PROTECTION FOR *YOU*, *YOUR RELATIVES* AND *YOUR* PASSENGERS FOR INJURIES AND PROPERTY DAMAGE
### CAUSED BY UNINSURED/UNDERINSURED AND HIT-AND-RUN MOTORISTS

---

DEFINITIONS

The definitions of terms for **Section I** apply to **Section IV**, except for the following special definitions:

1. **Hit-and-run motor vehicle** is a motor vehicle causing *bodily injury* to an *insured* or *property damage* through physical contact with him or with a motor vehicle he is *occupying* at the time of the accident and whose operator or owner cannot be identified, provided the *insured* or someone on his behalf:

(a) Reports the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles;
(b) Files with us within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person; and
(c) Makes available for inspection, at our request, the motor vehicle *occupied* by the *insured* at the time of the accident.

2. **Insured** means:

(a) *You*;
(b) *Your relatives*;
(c) Any other person while *occupying* an *owned auto*;
(d) Any person who is entitled to recover damages because of *bodily injury* sustained by an *insured* under (a), (b) and (c) above.

If there is more than one *insured*, our limits of liability will not be increased.

3. *Insured auto* is an auto:

   (a) Described in the declarations and covered by the liability coverages of this policy;
   (b) Temporarily substituted for an *insured auto* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
   (c) Operated by *you*.

   But the term *insured auto* does not include:

   (i) A motor vehicle *used* to carry passengers or goods for hire except in a car pool;
   (ii) A motor vehicle being *used* without the owner's permission; or
   (iii) Under subparagraphs (b) and (c) above, a motor vehicle owned by or furnished for the regular *use* of the *insured*.

4. *Occupying* means in, on, getting into or getting out of.

5. *Property damage* means injury to or destruction of an auto owned by *you* and covered by the bodily injury and property damage coverages of this policy and property in the auto if the property is owned by the *insured*.

6. *State* includes the District of Columbia, the territories and possessions of the United States, and the Provinces of Canada.

7. *Underinsured motor vehicle* means a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the limits of liability under this coverage.

   The term *underinsured motor vehicle* does not include:

   (a) An *insured auto*;
   (b) A motor vehicle owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;
   (c) A motor vehicle owned by the United States of America, any other national government, a *state*, or a political subdivision of any such government or its agencies;
   (d) A land motor vehicle or *trailer* operated on rails or crawler treads or located for use as a residence or premises; and
   (e) A farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

8. *Uninsured motor vehicle* is a motor vehicle which has no bodily injury liability bond or insurance policy applicable with liability limits complying with the financial responsibility law of the *state* in which the *insured auto* is principally garaged at the time of an accident. This term also includes a motor vehicle whose insurer is or becomes insolvent or denies coverage.

   The term *uninsured motor vehicle* does not include:

   (a) An *insured auto*;
   (b) A motor vehicle owned or operated by a self insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;
   (c) A motor vehicle owned by the United States of America, any other national government, a *state*, or a political subdivision of any such government or its agencies;
   (d) A land motor vehicle or *trailer* operated on rails or crawler treads or located for use as a residence or premises; and
   (e) A farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

LOSSES WE PAY

Under this coverage, we will pay damages for *bodily injury* and *property damage* caused by accident which the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle*, or *underinsured motor vehicle* or a *hit-and-run motor vehicle* arising out of the ownership, maintenance or use of that motor vehicle.

The amount of the *insured's* recovery for these damages will be determined by agreement between the insured or his representative and us. The dispute may be arbitrated if an agreement cannot be reached. However, neither the insured nor we will be required to arbitrate unless arbitration is expressly required by state law.

No default judgment against a known person or organization allegedly legally responsible for the accident shall be conclusive as to legal liability or to the amount of damages to which the *insured* is entitled.

EXCLUSIONS

When This Coverage Does Not Apply

1. This coverage does not apply to *bodily injury* to an *insured* if the *insured* or his legal representative has made a settlement or has been awarded a judgment of his claim without our prior written consent.

2.  *Bodily injury* to an *insured* while *occupying* or through being struck by an *uninsured motor vehicle* owned by an *insured* or a *relative* is not covered.

3.  The Uninsured Motorists coverage will not benefit any workmen's compensation insurer, self insurer, disability benefits insurer or property insurer.

4.  We do not cover the United States of America or any of its agencies as an *insured*, third party beneficiary or otherwise.

5.  There is no coverage for the first $250 as the total amount of all *property damage* as the result of any one accident.

6.  *Bodily injury* or *property damage* that results from nuclear exposure or explosion including resulting fire, radiation or contamination is not covered.

7.  *Bodily injury* or *property damage* that results from bio-chemical attack or exposure to bio-chemical agents is not covered

8.  This coverage does not apply to any liability assumed under any contract or agreement.

9.  This coverage does not apply to damage caused by an *insured's* participation in or preparation for, whether or not prearranged or organized, any racing, speed or demolition contest or stunting activity of any kind.

LIMITS OF LIABILITY

Regardless of the number of autos or *trailers* to which this policy applies:

1.  The limit of bodily injury liability for Uninsured and Underinsured Motorists coverage stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including those for care or loss of services, due to *bodily injury* sustained by one person as the result of one accident.

2.  The limit of bodily injury liability stated in the declarations as applicable to "each accident" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of any one accident.

3.  The limit of property damage liability stated in the declarations as applicable to "each accident" is our total limit of liability for all damages to the property of one or more *insureds* as the result of any one accident.

4.  When coverage is afforded to two or more autos, the limits of liability shall apply separately to each auto as stated in the declarations but shall not exceed the highest limit of liability applicable to one auto.

If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of our liability for a loss.

We shall not be obligated to make any payment because of *bodily injury* to which this insurance applies and which arises out of the ownership, maintenance or *use* of an *underinsured motor vehicle* until after the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements.

The amount payable under this coverage will be reduced by all amounts:

    (a)  Paid by or for all persons or organizations liable for the injury;
    (b)  Paid or payable under the Bodily Injury coverage or Medical Payments coverage of this policy; or
    (c)  Paid or payable under any workmen's compensation law, disability benefits law or any similar law; or
    (d)  Paid or payable under any property insurance policy.

OTHER INSURANCE

When an *insured occupies* an auto not described in this policy, this insurance is excess over any other similar insurance available to the *insured* for *bodily injury* and the insurance which applies to the occupied auto is primary.

Except as provided above, if the *insured* has other similar bodily injury insurance available to him and applicable to the accident, the damages for *bodily injury* will be deemed not to exceed the higher of the applicable limits of liability of this insurance and the other insurance. If the *insured* has other insurance against a loss covered by the Uninsured/Underinsured Motorist provisions of this policy, we will not be liable for more than our pro-rata share of the total coverage available.

With respect to *property damage*, this insurance shall be excess over other valid and collectible property damage insurance.

ARBITRATION

Except as set forth in the last sentence of this paragraph, any dispute arising between any *insured* and us regarding:

(a)  The extent to which the *insured* is legally entitled to recover against an owner or operator of an *uninsured motor vehicle* (i.e., issues of liability); or

(b) The amount of damages sustained by the *insured*

may be arbitrated. However, neither the *insured* nor we will be required to arbitrate unless arbitration is expressly required by *state* law. Binding arbitration will not be used to resolve disputes regarding policy interpretation, the existence of this Coverage in a particular policy, or the application of this Coverage to a particular claim or claimant.

We will be obligated to pay no more than the applicable policy limits for this coverage regardless of whether an arbitration results in an award in excess of the applicable policy limits for this coverage as defined in this policy.

Unless otherwise required by *state* law, the method, manner and format of any arbitration process will be subject to agreement by *you* and us. Attorney fees and expenses will be paid by the party incurring them.

## TRUST AGREEMENT

When we make a payment under this coverage:

1. We will be entitled to repayment of that amount out of any settlement or judgment the *insured* recovers from any person or organization legally responsible for the *bodily injury* or *property damage*.

2. The *insured* will hold in trust for our benefit all rights of recovery which he may have against any person or organization responsible for these damages. He will do whatever is necessary to secure all rights of recovery and will do nothing after the loss to prejudice these rights.

3. At our written request, the *insured*, in his own name, will take through a designated representative appropriate actions necessary to recover payment for damages from the legally responsible person or organization.

   The *insured* will pay us out of the recovery for our expenses, costs and attorneys' fees.

4. The *insured* will execute and furnish us with any needed documents to secure his and our rights and obligations.

## CONDITIONS

The following conditions apply only to the Uninsured and Underinsured Motorists coverages:

1. NOTICE

   As soon as possible after an accident, notice must be given by or on behalf of the *insured* to us or our authorized agent stating:

   (a) The identity of the *insured*;
   (b) The time, place and details of the accident; and
   (c) The names and addresses of the injured, and of any witnesses.

   If the *insured* or his legal representative files suit before we make a settlement under this coverage, he must immediately provide us with a copy of the pleadings.

2. ASSISTANCE AND COOPERATION OF THE *INSURED*

   After we receive notice of a claim, we may require the *insured* to take any action necessary to preserve his recovery rights against any allegedly legally responsible person or organization. We may require the *insured* to make that person or organization a defendant in any action against us.

   Upon our request, the *insured* must make available for our inspection the motor vehicle he was *occupying* at the time of the accident.

   The *insured* must protect the vehicle from further loss. Further loss due to the *insured's* failure to protect will not be covered.

3. ACTION AGAINST US

   Suit will not lie against us unless the *insured* or his legal representative have fully complied with all the policy terms.

4. PROOF OF CLAIM AND MEDICAL REPORTS

   As soon as possible, the *insured* or other person making claim must give us written proof of claim, under oath if required. This will include details of the nature and extent of *bodily injury*, treatment, and other facts which may affect the amount payable.

   Proof of claim must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

   The injured person will submit to examination by doctors chosen by us, at our expense, as we may reasonably require. In the event of the *insured's* incapacity or death, his legal representative must, at our request, authorize us to obtain medical reports and copies of records

   The *insured* or other person making a *property damage* claim shall file a proof of loss in sworn statement form with us within 60 days after the *loss* occurs (unless we extend the time in writing). This statement must show: the interest of the *insured* and all others in the property, any liens or other claims on the property, the actual cash value at time of loss, and description and amounts of all other insurance on the property. If we ask, the *insured* must show us the damaged property.

5. PAYMENT OF LOSS

Any amount due is payable:

(a) To the **insured** or his authorized representative;
(b) If the **insured** is a minor, to his parent or guardian; or
(c) If the **insured** is deceased, to his surviving spouse; otherwise
(d) To a person authorized by law to receive the payment; or to a person legally entitled to recover payment for the damages.

We may, at our option, pay an amount due in accordance with (d) above.

## SECTION V - GENERAL CONDITIONS
### THESE CONDITIONS APPLY TO ALL COVERAGES IN THIS POLICY

1. TERRITORY

This policy applies only to accidents, occurrences or losses during the policy period within the United States of America, its territories or possessions, or Canada or when the auto is being transported between ports thereof.

2. PREMIUM

When **you** dispose of, acquire ownership of, or replace a **private passenger, farm** or **utility auto**, any necessary premium adjustment will be made as of the date of the change and in accordance with our manuals.

3. CHANGES

The terms and provisions of this policy cannot be waived or changed, except by an endorsement issued to form a part of this policy.

We may revise this policy during its term to provide more coverage without an increase in premium. If we do so, **your** policy will automatically include the broader coverage when effective in **your** state.

The premium for each auto is based on the information we have in **your** file. **You** agree:

(a) That we may adjust **your** policy premiums during the policy term if any of this information on which the premiums are based is incorrect, incomplete or changed;
(b) That **you** will cooperate with us in determining if this information is correct and complete;
(c) That **you** will notify us of any changes in this information.

Any calculation or recalculation of **your** premium or changes in **your** coverage will be based on the rules, rates and forms on file, if required, for our use in **your** state.

4. ASSIGNMENT

**Your** rights and duties under this policy may not be assigned without our written consent.

If **you** die, this policy will cover:

(a) **Your** surviving spouse, if covered under the policy prior to **your** death, and until the expiration of the policy term;
(b) The executor or administrator of **your** estate, but only while operating an **owned auto** and while acting within the scope of his duties; and
(c) Any person having proper temporary custody of and operating the **owned auto**, as an **insured**, until the appointment and qualification of the executor or administrator of **your** estate.

5. CANCELLATION BY THE **INSURED**

**You** may cancel this policy by providing notice to us stating when, after the notice, cancellation will be effective.

If this policy is canceled, **you** may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals.

6. CANCELLATION BY US

We may cancel this policy by mailing to **you**, at the address shown in this policy, written notice stating when the cancellation will be effective.

We will mail this notice:

(a) 10 days in advance if the proposed cancellation is for non-payment of premium or any of its installments when due, or if the policy has been in effect less than 60 days at the time notice is mailed and this is not a renewal policy.
(b) 30 days in advance if the policy has been in effect for 60 days or more and there has been a substantial change in the risk since the policy has been issued.

(c) 15 days in advance in all other cases.

The mailing or delivery of the above notice will be sufficient proof of notice.  The policy will cease to be in effect as of the date and hour stated in the notice.

If this policy is canceled, *you* may be entitled to a premium refund.  The premium refund, if any, will be computed according to our manuals.

Payment or tender of unearned premium is not a condition of cancellation.

7.   CANCELLATION BY US IS LIMITED

After this policy has been in effect for 60 days or, if the policy is a renewal policy, we will not cancel except for any of the following reasons:

(a)  *You* do not pay the initial premium on other than a renewal policy or any additional premium for this policy or fail to pay any premium installment when due to us or our agent.

(b)  There has been a substantial change in the risk.

(c)  *You* obtained the policy through material misrepresentation, fraud or concealment of facts material to our acceptance of the risk or to proper rating.

(d)  Willful and negligent acts or omissions by *you* have substantially increased the hazards we insure.

(e)  *Your* driver's license, that of any resident of *your* household, or that of any customary operator of an *insured auto* has been under suspension or revocation during the policy period.

(f)  *You* present a claim based on fraud or material misrepresentation.

We have the right to modify the Comprehensive coverage under Section III by including a deductible not exceeding $100.

8.   RENEWAL

We guarantee to renew this policy for *private passenger*, *farm* or *utility autos* as long as the following conditions are met:

(a)  *You* (or *your* spouse) are at least 50 years old and *you* (or *your* spouse) are a principal operator of an auto insured under this policy.  There are no principal or occasional operators under the age 25.

(b)  *You* and all operators of autos insured under this policy must be physically and mentally able to safely operate an auto.  We may require an operator to provide certification of this from a doctor acceptable to us.

(c)  The autos insured are principally located in a state which has approved the use of this condition, and that state continues to approve the use of this condition.

(d)  The presentations provided in *your* application for this policy were true.

I the above requirements are not met, the guaranteed renewal condition does not apply.  We reserve the right to terminate this guaranty in any state in which conditions require that we discontinue writing new and renewal policies for all our insureds.  Should we choose not to renew *your* policy, we will mail to *you*, at the address shown in this policy, written notice of our refusal to renew at least 30 days prior to the expiration date.  The mailing or delivery of this notice by us will be sufficient proof of notice.

The policy will expire without notice if any of the following conditions exits:

(a)  *You* do not pay the premium as we require to renew this policy.

(b)  *You* have informed us or our agent that *you* wish the policy to be cancelled or not renewed.

(c)  *You* do not accept our offer to renew or *you* refuse to provide us with renewal classification and rating information as we may require.

9.   OTHER INSURANCE

If other insurance is obtained on *your insured auto*, any similar insurance afforded under this policy for that auto will terminate on the effective date of the other insurance.

10.  DIVIDEND PROVISION

*You* are entitled to share in a distribution of the surplus of the company as determined by its Board of Directors from time to time.

11.  DECLARATIONS

By accepting this policy, *you* agree that:

(a)  The statements in *your* application and in the declarations are *your* agreements and representations;

(b)  This policy is issued in reliance upon the truth of these representations; and

(c)  This policy, along with the application and declaration sheet, embodies all agreements relating to this insurance.

The terms of this policy cannot be changed orally.

12. FRAUD AND MISREPRESENTATION

Coverage is not provided to any person who knowingly conceals or misrepresents any material fact or circumstance relating to this insurance:

(a) At the time application is made; or
(b) At any time during the policy period; or
(c) In connection with the presentation or settlement of a claim.

13. EXAMINATION UNDER OATH

The *insured* or any other person seeking coverage under this policy must submit to examination under oath by any other person named by us when and as often as we may require.

14. POLICY PERIOD

Unless otherwise cancelled, this policy will expire as shown in the declarations.  But, it may be continued by our offer to renew and *your* acceptance by payment of the required renewal premium prior to the expiration date.  Each period will begin and expire at 12:01 A.M. local time at *your* address stated in the declarations.

15. TERMS OF POLICY CONFORMED TO STATUTES

Any terms of this policy in conflict with the statutes of New Mexico are amended to conform to those statutes.

16. DISPOSAL OF VEHICLE

If *you* relinquish possession of a leased vehicle or if *you* sell or relinquish ownership of an *owned auto*, any coverage provided by this policy for that vehicle will terminate on the date *you* do so.

17. CHOICE OF LAW

The policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of the state of New Mexico.

## SECTION VI - AMENDMENTS AND ENDORSEMENTS
### SPECIAL ENDORSEMENT - UNITED STATES GOVERNMENT EMPLOYEES

A. Under the Property Damage coverage of Section I, we provide coverage to United States Government employees, civilian or military, using

1. Motor vehicles owned or leased by the United States Government or any of its agencies, or
2. Rented motor vehicles *used* for United States government business,

when such use is with the permission of the United States Government.  Subject to the limits described in paragraph B. below, we will pay sums *you* are legally obligated to pay for damage to these vehicles.

B. The following limits apply to this coverage:

1. A $100 deductible applies to each occurrence.
2. For vehicles described in A.1. above, our liability shall not exceed the lesser of the following:

   a. The *actual cash value* of the property at the time of the occurrence; or
   b. The cost to repair or replace the property, or any of its parts with other of like kind and quality; or
   c. Two months basic pay of the *insured*; or
   d. The limit of Property Damage Liability coverage stated in the declarations.

3. For vehicles described in A.2. above, our liability shall not exceed the lesser of the following:

   a. The *actual cash value* of the property at the time of the occurrence; or
   b. The cost to repair or replace the property, or any of its parts with other of like kind and quality; or
   c. The limit of Property Damage Liability coverage stated in the declarations.

This insurance is excess over other valid and collectible insurance.


J. C. Stewart
Secretary

GOVERNMENT EMPLOYEES INSURANCE COMPANY
GEICO GENERAL INSURANCE COMPANY

O. M. Nicely
President

# GEICO

**Automobile Policy Amendment**

GOVERNMENT EMPLOYEES INSURANCE COMPANY

**New Mexico**

Policy Number: 3003-75-56-87

*Your* policy is amended as follows:

## SECTION I - LIABILITY

### DEFINITIONS

The following definitions are revised as follows:

3.  *Farm auto* means a truck type vehicle with a gross vehicle weight of 15,000 pounds or less, not used for commercial purposes other than farming.

11. *Utility auto* means a vehicle, other than a *farm auto* with a gross vehicle weight of 15,000 pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES

Item 3. is revised as follows:

3.  Interest calculated on that part of a judgment that is within our limit of liability and accruing:

    (a) Before the judgment, where owed by law, and until we pay, offer to pay or deposit in court the amount due under this coverage;

    (b) After the judgment, and until we pay, offer to pay or deposit in court, the amount due under this coverage.

### EXCLUSIONS

#### When Section I Does Not Apply

An introduction sentence is added as follows:

    Section I does not apply to any claim or suit for damage if one or more of the exclusions listed below applies.

Exclusion 1. is replaced with the following:

1.  Section I does not apply to any vehicle used to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products. However, a vehicle used in an ordinary car pool or ride sharing or cost sharing basis is covered.

Exclusion 14. is replaced as follows:

14. We do not cover *bodily injury* or property damage caused by an auto driven in or preparing for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

## SECTION II - AUTO MEDICAL PAYMENTS
### EXCLUSIONS

Exclusion 1. is replaced as follows:

1.  There is no coverage for *bodily injury* sustained by any occupant of an *owned auto* used to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

The following exclusion is added:

8.  We do not cover *bodily injury* caused by an auto driven in or preparing for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

## SECTION III - PHYSICAL DAMAGE COVERAGES
### DEFINITIONS

Definition 10. *Trailer*  is revised as follows:

10. *Trailer* means a trailer of the flatbed variety designed for use with a *private passenger auto* and not used as a home, residence, office, store, display or passenger trailer. *Trailer* does not mean a trailer with built-in sleeping facilities designed for recreational or camping use.

### EXCLUSIONS

Exclusion 1. is replaced as follows:

1.  An auto used to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

Exclusion 14. is replaced as follows:

14. There is no coverage for any *loss* or damage resulting from:

    (a) The acquisition of a stolen vehicle;

    (b) Any governmental, legal or other action to return a vehicle to its legal, equitable, or beneficial owner, or anyone claiming an ownership interest in the vehicle;

    (c) Any confiscation, seizure or impoundment of a vehicle by governmental authorities; or

*00D0C3003755687010330000001*

(d) The sale of an *owned auto*

Exclusion 16. is replaced as follows:

16. There is no coverage for any *loss* caused by participation in or preparing for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

LIMIT OF LIABILITY

Paragraph 2. is replaced with the following:

2. Will not exceed the prevailing competitive price to repair or replace the property at the time of *loss*, or any of its parts, including parts from non-original equipment manufacturers, with other of like kind and quality and will not include compensation for any diminution of value claimed to result from the *loss*. Although *you* have the right to choose any repair facility or location, the limit of liability for repair or replacement of such property is the prevailing competitive price, which is the price we can secure from a competent and conveniently located repair facility. At *your* request, we will identify a repair facility that will perform the repairs at the prevailing competitive price.

Paragraph 6. is deleted.

CONDITIONS

Condition 4. ACTION AGAINST US, the following paragraph is added:

If we retain salvage, we have no duty to preserve or otherwise retain the salvage for any purpose, including as evidence for any civil or criminal proceeding. If *you* ask us immediately after a *loss* to preserve the salvage for inspection, we will do so for a period not to exceed 30 days. *You* may purchase the salvage from us if *you* wish.

The following condition is added:

10. ASSIGNMENT

With respect to Section III, Physical Damages Coverage, an Assignment of interest under this policy will not bind us without our consent. Any nonconforming assignment shall be void and invalid. Moreover, the assignee of a nonconforming assignment shall acquire no rights under this contract and we shall not recognize any such assignment.

SECTION IV-UNINSURED MOTORISTS AND UNDERINSURED MOTORISTS COVERAGE

DEFINITIONS

Definition 1. *Hit-and-run motor vehicle* is replaced as follows:

1. *Hit-and-run auto* is a motor vehicle causing *bodily injury* to an *insured* or *property damage* through physical contact with him or with an auto he is occupying at the time of the accident, or arising out of the ownership, maintenance, or use of a non-contact auto, and whose operator or owner cannot be identified, provided the *insured* or someone on his behalf:

    (a) Reports the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles;
    (b) Files with us within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person; and
    (c) Makes available for inspection, at our request, the auto occupied by the *insured* at the time of the accident.

Item 7. (c) is deleted. A motor vehicle owned by the United States of America, any other national government, a *state*, or a political subdivision of any such government or its agencies.

The following have been re-numbered:

    (c) A land motor vehicle or *trailer* operated on rails or crawler treads or located for use as a residence or premises; and
    (d) A farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

Item 8. (c) is deleted. A motor vehicle owned by the United States of America, any other national government, a *state*, or a political subdivision of any such government or its agencies.

The following have been re-numbered:

    (c) A land motor vehicle or *trailer* operated on rails or crawler treads or located for use as a residence or premises; and
    (d) A farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

EXCLUSIONS

Exclusion 9. is replaced as follows:

9. This coverage does not apply to damage caused by an *insured's* participation in or preparation for any racing, speed, or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

We affirm this amendment.

W.C.E. Robinson
Secretary

O. M. Nicely
President

## ENDORSEMENT

## LOSS PAYABLE CLAUSE

The Policy Number and Effective Date need be completed only when this endorsement is issued subsequent to preparation of the policy.

Policy Number:

Effective Date:

Any covered *loss* under the Physical Damage Coverages of the policy will be paid jointly to the *insured* and the Lienholder in the Declarations. We may settle a claim at our option by separate payment to the *insured* and the Lienholder. The Lienholder's interest will not be protected:

1. When fraud, misrepresentation, material omission, or intentional damage has knowingly been committed by or at the direction of any *insured*; or

2. In any case of conversion, embezzlement, secretion, or intentional damage to the vehicle(s) by or at the direction of any *insured*, or any owner of the vehicle(s); or

3. For any *loss* or damage caused by, or reasonably expected to result from, a criminal act or omission of any *insured* or any owner of the vehicle(s). This applies regardless of whether any *insured*, or any owner of the vehicle(s) is actually charged with, or convicted of a crime. For the purpose of this clause, criminal acts or omissions do not include traffic violations.

The Lienholder has no greater rights under the provisions of the policy than any *insured*.

The Lienholder must notify us if they become aware of any increased hazard or change of ownership of the vehicle(s) or they will lose all rights under this policy.

If any *insured* fails to file with us a Proof of Loss within 91 days after the *loss*, the Lienholder must do so within the following 60 days.

Whenever we pay the Lienholder, we shall be subrogated to the Lienholder's rights of recovery to the extent of our payment to the Lienholder. If the policy is in effect as to the Lienholder but has been canceled as to any *insured*, the Lienholder must assign the loan to us to the extent of our payment, if we ask.

We will notify the Lienholder at least 10 days and not less than the notice period required by law before we cancel their interest in the policy.

This endorsement forms a part of *your* policy. It is effective at 12:01 A.M. local time at *your* address on the effective date shown above.

UE-316 (07-11)





EXHIBIT

2

# STATE OF NEW MEXICO
# OFFICE OF THE SUPERINTENDENT OF INSURANCE

## CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

D101CV2016-00801

BILLY CULLEN,
Plaintiff(s)

VS

GEICO GENERAL INSURANCE COMPANY,

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons, and Complaint for Equitable Relief, Unfair Practices, for UM/UIM Insurance Benefits and Declaratory Judgment, on the above style cause as accepted by me on behalf of GEICO GENERAL INSURANCE COMPANY on April 6, 2016 provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on April 25, 2016 as shown by return receipt by Postmaster.

In

hereunto set my official seal
on this 2nd day of May, 2016

Superintendent of Insurance


EXHIBIT
B

# REGISTER OF ACTIONS
## CASE NO. D-101-CV-2016-00801

Billy Cullen v. GEICO General Insurance Company

§
§
§
§
§
§
§

Case Type: **Tort Auto**
Date Filed: **03/29/2016**
Location: **Santa Fe County**
Judicial Officer: **Ortiz, Raymond Z.**

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | GEICO General Insurance Company | Pro Se |
| | | |
| **Plaintiff** | Cullen, Billy | Richard J. Valle |
| | | *Retained* |
| | | 505-888-4357(W) |
| | | |
| | | Bryan L. Williams |
| | | *Retained* |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 03/29/2016 | **Cause Of Actions** | Breach of Contract (Count I Breach Of Contract) |
| | Action Type | Action |
| 03/29/2016 | **Cause Of Actions** | Other (Count II Contractual Benefits) |
| | Action Type | Action |
| 03/29/2016 | **Cause Of Actions** | Other (Count III UIM Benefits) |
| | Action Type | Action |
| 03/29/2016 | **Cause Of Actions** | Other (Count IV Unfair Insurance Claim Practices) |
| | Action Type | Action |
| 03/29/2016 | **Cause Of Actions** | Other (Count V Unfair Trade Practices) |
| | Action Type | Action |
| 03/29/2016 | **Cause Of Actions** | Other (Count IV Declaratory Judgment) |
| | Action Type | Action |
| 03/29/2016 | **Cause Of Actions** | Other (Count VII Injunctive Relief) |
| | Action Type | Action |
| 03/29/2016 | **OPN: COMPLAINT** | |
| | *Complaint for Equitable Relief, Unfair Practices, for UM/UIM Insurance Benefits and Declaratory Judgment* | |
| 03/30/2016 | **SUMMONS ISSUED** | |
| | *Summons - GEICO Gen Ins Co - Super of Insurance* | |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff** Cullen, Billy | | |
| Total Financial Assessment | | 132.00 |
| Total Payments and Credits | | 132.00 |
| **Balance Due as of 05/02/2016** | | **0.00** |
| | | |
| 03/29/2016 Transaction Assessment | | 132.00 |
| 03/29/2016 File & Serve Payment | Receipt # SFED-2016-3310          Cullen, Billy | (132.00) |



## COUNT I: BREACH OF CONTRACT

41.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

42.     GEICO's acts and failures to act, as enumerated above, constitute a willful breach of its Contract with Plaintiff.

43.     GEICO delayed its handling of Plaintiff's claim.

44.     Plaintiff performed all conditions precedent to Plaintiff's contract with GEICO.

45.     As a direct result of the breach of the Contract by GEICO, Plaintiff has suffered damages in an amount to be determined at trial.

46.     GEICO's acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

47.     GEICO has a duty under New Mexico law to accurately provide its insureds with correct policy limits and policy information.

48.     GEICO's subsequent attempt to alter its prior sworn representation of insurance coverage is a breach of contract and a breach of New Mexico law.

49.     GEICO's actions were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

## COUNT II: CONTRACTUAL BENEFITS

50.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

51.     Pursuant to its contract of insurance, GEICO owes Plaintiff insurance benefits under the policy.



62.    GEICO knowingly engaged in misrepresentations of insurance coverage.

63.    On information and belief, GEICO assigns less experienced claims handlers to claims until suit is filed.

64.    In order to obtain GEICO's best claims services, an insured must sue GEICO.

65.    As a direct and proximate result of the unfair claims practices of GEICO, Plaintiff has suffered damages in a monetary amount to be determined at trial.

66.    Plaintiff is also entitled to an award of attorney fees and costs under the statute.

## COUNT V: UNFAIR TRADE PRACTICES

67.    Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

68.    The acts and failures to act by GEICO, as enumerated above, constitute unfair and deceptive trade practices and unconscionable trade practices which are illegal and prohibited pursuant to the New Mexico Unfair Trade Practices Act, NMSA 1978, §§57-12-1.

69.    As a direct result of GEICO's unfair and deceptive trade practices and unconscionable trade practices, Plaintiff has suffered damages in a monetary amount to be determined at trial.

70.    Plaintiff is also entitled to attorney fees, statutory and treble damages for violations of the Unfair Trade Practices Act.

71.    The acts and failures to act by GEICO were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

## COUNT VI: DECLARATORY JUDGMENT

72.    Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

7

WHEREFORE, Plaintiff prays for judgment against GEICO for all damages as determined at trial, equitable relief, together with the costs of this litigation, pre-judgment and post-judgment interest, reasonable attorney fees, punitive damages, as well as an early mediation at Defendant's expense as set forth in NMSA 1978 §57-12-1 et seq, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

CARTER & VALLE LAW FIRM, P.C.

_/s/Richard J. Valle_____
RICHARD J. VALLE
Attorneys for Plaintiff
8012 Pennsylvania Circle, NE
Albuquerque, NM 87110
(505) 888-4357
rv@carterlawfirm.com

and

RON BELL INJURY LAWYERS

_/s/Bryan L. Williams_____
BRYAN L. WILLIAMS
Attorneys for Plaintiff
610 Seventh St., NW
Albuquerque, NM 87102
(505) 242-7979 ext. 280
bwilliams@898-bell.com

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

**BILLY CULLEN**

      **Plaintiff,**

v.                                 **Case No. D-101-CV-2016-00801**

**GEICO GENERAL INSURANCE COMPANY,**

      **Defendant.**

<u>**NOTICE OF FILING OF REMOVAL**</u>

      PLEASE TAKE NOTICE that Defendant GEICO General Insurance Company, by and through its counsel of record, Chapman and Charlebois, P.C., (Donna L. Chapman and Jessica C. Singer), has filed a Notice of Removal in the United States District Court for the District of New Mexico.  A true and correct copy of the Notice of Removal, attached to this Notice as Exhibit "1" was emailed to:

| | |
|---|---|
| Richard J. Valle, Esq. | Bryan L. Williams |
| Carter & Valle Law Firm, P.C. | Ron Bel Injury Lawyers |
| 8012 Pennsylvania Circle, NE | 610 Seventh St., NW |
| Albuquerque, NM 87110 | Albuquerque, NM 87102 |
| (505) 888-4357 | (505) 242-7979 ext. 280 |
| rv@carterlawfirm.com | bwilliams@898-bell.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

                               **Respectfully submitted,**

                               **CHAPMAN AND CHARLEBOIS, P.C.**

                               Donna L. Chapman
                               Jessica C. Singer
                               P.O. Box 92438
                               Albuquerque, NM 87199
                               505-242-6000
                               donna@cclawnm.com
                               jessica@cclawnm.com
                               *Attorneys for Defendant GEICO*



EXHIBIT
E

I HEREBY CERTIFY that on the 4th day of May, 2016, I filed the foregoing electronically through Odyssey File & Service, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Richard J. Valle, Esq.
Carter & Valle Law Firm, P.C.
8012 Pennsylvania Circle, NE
Albuquerque, NM 87110
(505) 888-4357
rv@carterlawfirm.com
*Attorneys for Plaintiff*

Bryan L. Williams
Ron Bel Injury Lawyers
610 Seventh St., NW
Albuquerque, NM 87102
(505) 242-7979 ext. 280
bwilliams@898-bell.com
*Attorneys for Plaintiff*


Jessica C. Singer

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**BILLY CULLEN**

      **Plaintiff,**

**v.**                                **Case No. D-101-CV-2016-00801**

**GEICO GENERAL INSURANCE COMPANY,**

      **Defendant.**

<u>**ENTRY OF APPEARANCE**</u>

      Chapman and Charlebois, P.C. (Donna L. Chapman and Jessica C. Singer) hereby enter their appearance on behalf of Defendant GEICO General Insurance Company, as to the extra-contractual claims. Copies of all documents pertaining to litigation in this matter should be sent to the undersigned attorneys.

                         **Respectfully submitted,**

                         **CHAPMAN AND CHARLEBOIS, P.C.**

                         Donna L. Chapman
                         Jessica C. Singer
                         P.O. Box 92438
                         Albuquerque, NM 87199
                         505-242-6000
                         donna@cclawnm.com
                         jessica@cclawnm.com
                         *Attorneys for Defendant GEICO General Insurance Company*



I HEREBY CERTIFY that on the _4_ day of May, 2016, I filed the foregoing electronically through Odyssey File & Service, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Richard J. Valle, Esq.
Carter & Valle Law Firm, P.C.
8012 Pennsylvania Circle, NE
Albuquerque, NM 87110
(505) 888-4357
rv@carterlawfirm.com
*Attorneys for Plaintiff*

Bryan L. Williams
Ron Bel Injury Lawyers
610 Seventh St., NW
Albuquerque, NM 87102
(505) 242-7979 ext. 280
bwilliams@898-bell.com
*Attorneys for Plaintiff*

Jessica C. Singer

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| | |

**(b)** County of Residence of First Listed Plaintiff   Luna County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Maryland
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332, 1441, 1441(b), 1446 and 1446(b)(2)(A)
Brief description of cause:
Personal Injury, UM/UIM

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ❏ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE               DOCKET NUMBER

DATE  5/4/16

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

EXHIBIT 15